**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DR. BROWN'S COMPANY,                          )
                                              )
Plaintiff,                                    )     Case No. 4:26-cv-00838
                                              )
vs.                                           )     JURY TRIAL DEMANDED
                                              )
DR. BROWN'S BEVERAGE COMPANY, L.P.,           )
BEVERAGE DISTRIBUTION CENTER, INC.,           )
AND CANADA DRY BOTTLING COMPANY               )
OF NEW YORK, L.P.                             )
Defendants.                                   )

**COMPLAINT**

COMES NOW Plaintiff Dr. Brown's Company ("DBC"), and for its Complaint against

Dr. Brown's Beverage Company, L.P., Beverage Distribution Center, Inc. d/b/a The Honickman

Companies, and Canada Dry Bottling Company of New York, L.P. (collectively "Defendants")

respectfully states as follows:

**Nature of Action**

1. This is an action for declaratory judgment seeking, among other relief, a declaration under

   the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that: (i) DBC has not

   infringed upon any valid and enforceable trademark or service mark of Defendants; (ii) DBC

   has not diluted any valid and enforceable trademark or service mark of Defendants; and (iii)

   DBC has not committed any acts of unfair competition.

**The Parties**

2. Plaintiff DBC is a corporation having a principal place of business at 4433 Fyler Avenue, St.

   Louis, Missouri 63116.

3. Upon information and belief, Dr. Brown's Beverage Company, L.P. is a limited partnership and has a place of business at 112-02 Fifteenth Avenue, College Point, New York, 11356.

4. Upon information and belief, Beverage Distribution Center, Inc. is a corporation and has a place of business at 8275 U.S. Route 130, Pennsauken, NJ 08110.  Upon information and belief, Beverage Distribution Center, Inc. conducts business under the name "The Honickman Companies."

5. Upon information and belief, Canada Dry Bottling Company of New York, L.P. had a place of business at address 112-02 Fifteenth Avenue, College Point, New York, 11356.  Upon information and belief, before January 2025, Canada Dry Bottling Company of New York, L.P. had an interest in the relevant marks.

6. Defendants, through outside counsel, directed a letter to DBC.  Exhibit A.  The letter referred to the website www.drbrownssoda.com.  Upon information and belief, portions of the website www.drbrownssoda.com indicate Dr. Brown's Beverage Company, L.P. owns the relevant trademark rights and other portions of the website suggest Beverage Distribution Center, Inc., doing business as The Honickman Companies, owns the relevant trademark rights.

### Jurisdiction and Venue

7. This action arises under the Trademark Laws of the United States (15 U.S.C. § 1051, et seq.), state unfair competition law, and the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).  Upon information and belief, Defendants' allegations arise under 15 U.S.C. §§ 1114 and 1125 and common law concerning trademarks and unfair competition.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendant does business, may be found, and is subject to personal jurisdiction, in this judicial district; and (iii) Defendant directed correspondence containing its allegations to DBC in this judicial district.

**Facts Common to All Counts**

10. DBC is a manufacturer and worldwide distributor and seller of infant and toddler care products, including the number one selling baby bottle in the United States. DBC has used the marks DR. BROWN'S and DR. BROWN'S and Design (i.e., scripted with stethoscope) (the "DBC marks") in connection with its infant and toddler care products for nearly 30 years and now offers over 100 different products under its DBC marks, including its recently launched electrolyte replacement solutions.

11. DBC is the owner of all right, title and interest in, to, and under the mark DR. BROWN'S and the mark DR. BROWN'S and Design for a variety of goods including, but not limited to, electrolyte replacement solutions, and owns U.S. Trademark Application Serial No. 99382208 for the mark DR. BROWN'S and U.S. Trademark Application Serial No. 99382165 for DR. BROWN'S & Design, both in International Class 05 for "Electrolyte replacement solutions" (DBC's common law and registered rights are collectively the "Marks"). The applications were approved for publication by the United States Patent and Trademark Office on February 3, 2026 and published for opposition on March 3, 2026.

12. DBC has utilized the Marks on and in connection with the provision of some or all the above-identified goods, including by selling its DR. BROWN'S electrolyte replacement solutions through retail channels, including Walmart.

13. DBC has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising and building consumer recognition and goodwill in its goods under and in connection with its highly recognized marks, including its Marks.

14. The Marks have been used, and continue to be used, by DBC among the relevant purchasing public and consumers, to identify the source of origin of DBC's high quality goods and, further, to distinguish such high-quality goods from those products offered by its competitors and others.

15. Upon information and belief, Defendant Dr. Brown's Beverage Company, L.P. is in the carbonated beverage (i.e., soda) business and alleges it owns a number of United States trademark registrations relating to its use of DR. BROWN'S on and in connection with its goods, including U.S. Registration No. 3284766 for the word mark DR. BROWN'S and U.S. Registration No. 1362290 for a DR. BROWN'S & Design mark, all in International Class 32 in connection with non-alcoholic beverages, namely, carbonated beverages and sodas.

16. In a May 19, 2026, letter, Defendants expressly asserted that DBC's use of the Marks infringes and dilutes Defendants' trademark rights, is likely to cause confusion or mistake in the marketplace, and constitutes dilution by blurring under Section 43(c) of the Lanham Act. Defendants demanded that DBC immediately and permanently cease all use of the Marks in connection with electrolyte replacement solutions, withdraw the pending U.S. Trademark Applications with prejudice, and agree not to apply for or register the Marks or any marks identical or similar thereto in connection with electrolyte solutions or related beverage products.

17. DBC's use of the DR. BROWN'S Marks is in connection with electrolyte replacement solutions intended primarily for infants and toddlers, which are distinct from and marketed in a different context than Defendants' carbonated beverages and sodas.

18. Defendants have taken the position that they own all right, title, and interest, in and to any and all marks that contain the term DR. BROWN'S as a component or portion thereof, in connection with all non-alcoholic beverages, including DBC's electrolyte replacement solutions.

19. Defendants do not own the exclusive right to use and employ the term DR. BROWN'S as a component of any and all marks for all non-alcoholic beverages, including electrolyte replacement solutions.

### Count I: Declaratory Relief

20. DBC realleges and incorporates each and every allegation set forth in paragraphs 1 through 16 of the Complaint as if fully set forth and restated herein.

21. Defendants have expressly accused DBC's use of the Marks on and in connection with its goods of infringing Defendants' alleged trademark rights and of constituting trademark dilution and unfair competition.

22. There is no likelihood of confusion between DBC's use of the Marks on or in connection with its goods and Defendants' alleged ownership and use of DR. BROWN'S including, but not limited to, on and in connection with Defendants' soda business.

23. There is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that DBC is affiliated, connected or otherwise associated with Defendants, or that Defendants are sponsoring or have otherwise approved of DBC's goods as a result of DBC's use of the Marks.

24. DBC's use of the Marks on and in connection with DBC's goods has not and will not result in the dilution of Defendants' use of DR. BROWN'S on and in connection with Defendants' soda business.

25. There now exists between DBC and Defendants an actual, substantial, and continuing justiciable controversy with respect to: (a) Defendants' allegations and threats that DBC's use of the Marks infringes upon Defendants' alleged trademark rights; (b) Defendants' allegations that DBC has diluted the distinctive quality of Defendants' alleged trademark rights; and (c) Defendants' allegations that DBC has somehow committed acts of unfair competition.

26. DBC is entitled to a declaratory judgment that DBC's advertising, marketing, offer for sale, sale, and provision of goods under the Marks does not: (i) infringe Defendants' alleged rights; (ii) dilute Defendants' alleged trademark rights; and (iii) constitute unfair competition (under the Federal Trademark Act or the common law of the State of Missouri).

27. DBC is entitled to a declaratory judgment that there is no likelihood of confusion between DBC's use of the Marks on or in connection with its goods and Defendants' use of its trademarks on or in connection with its soda business.

28. DBC is entitled to a declaratory judgment that there is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that DBC is affiliated, connected or otherwise associated with Defendants, or that Defendants are sponsoring or have otherwise approved of DBC's goods.

29. DBC is entitled to a declaratory judgment that DBC's use of the Marks on or in connection with its goods will not result in the unlawful dilution of Defendants' alleged trademark rights.

**Prayer for Relief**

WHEREFORE, Plaintiff Dr. Brown's Company respectfully requests that the Court enter judgment:

A. Declaring that DBC's use of the Marks on or in connection with its goods does not violate any of Defendants' alleged rights;

B. Declaring that DBC's advertising, marketing, offer for sale, sale, and provision of goods under or in connection with the Marks does not constitute infringement or dilution of any of Defendants' alleged trademark rights, and, further, does not constitute unfair competition under the Federal Trademark Act or the common law of the State of Missouri;

C. Declaring that there is no likelihood of confusion between DBC's use of the Marks on or in connection with its goods and Defendants' use of its trademarks as a designation for or in connection with its soda business;

D. Declaring that there is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that DBC is affiliated, connected or otherwise associated with Defendants, or that Defendants are sponsoring or have otherwise approved of DBC's electrolyte replacement solutions;

E. Declaring that DBC's use of the Marks on or in connection with its electrolyte replacement solutions will not dilute the alleged distinctive quality, if any, of Defendants' alleged trademark rights;

F. Ordering Defendants to compensate DBC for DBC's costs and attorneys' fees incurred in connection with this action; and

G. Granting DBC such other and further relief as the Court finds just and proper under the circumstances.

Dated: May 27, 2026          Respectfully submitted,

**Thompson Coburn LLP**

By: /s/ *Matthew A. Braunel*
Matthew A. Braunel, MO 50711
Cody Deterding, MO 77938
One US Bank Plaza
St. Louis, MO 63101
Tel: (314) 552-6000
Fax: (314) 552-7000
mbraunel@thompsoncoburn.com

*Attorneys For Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on May 27, 2026.

/s/ *Matthew A. Braunel*